IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHAD MICHAEL SCHLEINING,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH N.A.,<br><br>Defendant. | CV 25-61-BLG-SPW<br><br>ORDER |

Plaintiff, Chad Michael Schleining, a self-represented litigant, filed a Complaint on April 25, 2025, pursuant to 47 U.S.C. § 227, 18 U.S.C. § 1343, 18 U.S.C. § 371, and 18 U.S.C. § 1512(b). (Doc. 2). First, Schleining alleges that, Zurich N.A. ("Zurich"), violated the Telephone Consumer Protection Act ("TCPA") by sending him two automated text messages related to his workers compensation claim without prior consent. (*Id.* at 6). Further, Schleining alleges that Zurich N.A., in conjunction with Potts Law, Paradigm Management Services, and Intermountain Health executed a scheme to defraud him of his rightful workers compensation benefits stemming from an injury sustained at Signal Peak Energy, LLC's Bull Mountains Coal Mine in Roundup, Montana. (*Id.*). Last, Schleining alleges Zurich engaged in witness tampering by persuading him to limit the evidence he presented at a Mine Safety and Health Administration ("MSHA") hearing related to his injury. (*Id.*).

1

### I. Motion to Proceed in Forma Pauperis

Schleining has moved to proceed in forma pauperis. He has adequately shown that he is unable to pay the $402 filing fee. His motion (Doc. 1) will be granted and the filing fee waived.

### II. Screening

When a litigant proceeds in forma pauperis, the Court must dismiss the case if it is determined that the action (1) is frivolous or malicious, (2) fails to state claim on which relief may be granted, or (3) seeks monetary relief against defendants who are immune. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) and is malicious if it is "filed with the intention or desire to harm another," *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege "the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim

2

showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the requirements in Rule 8, a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See id.* at 690; *Twombly*, 550 U.S. at 556. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with a defendant's liability," or "amount to nothing more than a formulaic recitation of the elements" of a constitutional claim. *Id.* at 678, 681 (internal quotation marks omitted). A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

shown—that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (internal quotation marks and alteration omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but "need not provide great detail or . . . act as legal advisors" to the plaintiff, *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

For the reasons described below, Schleining's Complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2). As currently pled, the Complaint does not comply with the pleading requirements under Rule 8 and fails to state a claim upon which relief may be granted. These deficiencies might be cured by realleging the claims under an appropriate statute that gives Schleining a private right of action, a clearer statement of his claims, facts to support those claims, and a clearer statement of the defendant's actions. Schleining will be given an opportunity to file an amended complaint.

### III. Schleining's Claims

Schleining brings claims against Zurich N.A. under 47 U.S.C. 227 (TCPA claim), 18 U.S.C. § 1343 (Fraud by wire, radio, or television), 18 U.S.C. § 371 (Conspiracy to commit fraud), and 18 U.S.C. § 1512(b) (Tampering with a witness, victim, or an informant). This Court will first address the applicability of the criminal statutes cited by Schleining, and then determine if he has plead a plausible claim for relief under the TCPA

### A.  *Criminal Statutes*

Federal criminal statutes that provide for punishment by fine or imprisonment generally do not create privately enforceable rights or give rise to civil liability. *Keyter v. McCain*, 207 Fed. Appx. 801, 802 (9th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). A cause of action may only be recognized under a statute where the language Congress uses "displays an intent to create not just a private right but also a private remedy." *Sandoval*, 532 U.S. at 286. This "interpretive inquiry begins with the text and structure of the statute and ends once it has become clear that Congress did not provide a cause of action." *Id.* at 288 n.7. Thus, if the statutory language "itself does not 'display an intent' to create 'a private remedy,' then 'a

cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Ziglar*, 580 U.S. at 133 (quoting *Sandoval*, 532 U.S. at 286–87). It is Schleining's burden to establish that a statute confers a private right of action on him. *Kraft v. Old Castle Precast Inc.*, LA CV 15-00701, 2015 WL 4693220 (C. D. Cal. Aug. 5, 2015); *Opera Plaza Residential Parcel Homeowners' Ass'n v. Hoang*, 376 F.3d 831, 835 (9th Cir. 2004).

Schleining fails to cite any precedential decision establishing that Congress created a private cause of action under the wire-fraud, conspiracy to commit fraud, or tampering with a witness statutes. District courts in the Ninth Circuit have held that no private right of action exists under the wire-fraud statute (18 U.S.C. § 1343). *See Kraft*, 2015 WL 4693220 at * 2 ("Plaintiff fails to identify any precedential decision holding that Congress created a private cause of action under this federal wire-fraud statute, and there is ample persuasive authority to the contrary.") Further, while Courts in the Ninth Circuit have yet to contemplate whether the conspiracy to commit fraud statute (15 U.S.C. § 1512) or the witness tampering statute (18 U.S.C. 371) create a private right of action, neither statute contains any rights-creating language that manifests a congressional intent to create an accompanying private right of actions for the victims of such crimes. *See Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020). Instead, the statutes merely define the criminal offense

and prescribe the applicable punishment. Therefore, Schleining has failed to allege a plausible claim for relief.

Schleining will be allowed to file an amended complaint to remedy this issue and bring his claims under statutes that create a private right of action in civil matters.

### B.   TCPA Claim

Under Schleining's TCPA claim he alleges that Zurich N.A. violated 47 U.S.C. § 227 by sending two text messages related to his workers compensation claim without obtaining his express written consent. (Doc. 2 at 6). According to Schleining the first message notified him about his claim number and the second message that followed stated, "By responding you are agreeing to our terms and privacy policy." (*Id.*). Schleining claims these messages violated the TCPA because they did not provide a clear "YES" opt-in option which is required under the statute. (*Id.*).

The TCPA makes it "unlawful for any person within the United States ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... (iii) to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). "The three elements of a TCPA claim are: the defendant called a cellular telephone number; (2) using an automatic telephone

dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Text messages are considered "calls" under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). When the text message does not contain advertising and is not telemarketing, as is the case here, the requirement for prior express consent is less stringent. A consumer must only "knowingly" agree to receive such messages by providing his phone number for the reasons served by the message. *An Phan v. Agoda Company Pte. Ltd.*, 351 F. Supp. 3d 1257, 1262 (N.D. Cal. Dec. 13, 2018); *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).

Schleining's complaint does not allege sufficient facts to establish a plausible claim under the TCPA. Schleining's allegation that Zurich N.A. failed to get his prior express written consent is not entitled to the assumption of truth because it is merely consistent with the Defendant's liability under this claim. Further, Schleining does not allege any facts related to whether he provided Zurich N.A. with his phone number and for what purposes. Such factual allegations are necessary to establish a plausible claim under the TCPA involving automated messages not sent for advertising or telemarketing purposes.

Schleining will be allowed to file an amended complaint to remedy this issue and allege sufficient facts that would give him a plausible claim for relief.

## IV. Motion for Temporary Restraining Order and Expedited Review

On April 29, 2025, Schleining filed a Motion for Temporary Restraining Order (Doc. 3), and on May 12, 2025, he filed a motion for Expedited Review of Temporary Restraining Order (Doc. 7). Schleining motioned to prohibit all Defendants from contacting him, harassing him, or terminating his workers' compensation benefits. Because this Court has determined that Schleining has failed to plead a plausible claim for relief, both his motions are denied as moot. Schleining may refile these motions after filing his amended complaint, and if the Court determines that he has plead a plausible claim in the amended complaint, the Court will consider the motions on the merits.

## V. Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll*, 809 F.2d at 1448 (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Schleining's Complaint fails to state a claim upon which relief may be granted and it is subject to dismissal. However, it may be possible to cure the defects in

Schleining's claims. Accordingly, Schleining will be given an opportunity to file an amended complaint to reallege his allegations under statutes that provide a private right of action and to provide more specific factual allegations regarding his TCPA claim.

### A.   Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of a previous complaint by reference. Once Schleining files an amended complaint, it replaces the prior complaint, which no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Schleining fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Schleining may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

### B.   Possible Dismissal

If Schleining fails to timely comply with the provisions of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court). The Court also notes that because Schleining did not allege his claims under a proper statute, the Court was unable to analyze whether the complaint "contain[ed] sufficient factual matter, accepted as

10

true, to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2). If Schleining fails to allege sufficient facts that demonstrates he has a plausible claim on its face, his amended complaint may also be subject to dismissal.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED.

2. Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is DENIED as moot; however the Plaintiff may refile the motion following his filing of the amended complaint.

3. Plaintiff's Motion for Expedited Review of Temporary Restraining Order (Doc. 7) is DENIED as moot; the Plaintiff may refile this motion following his filing of the amended complaint.

4. With Plaintiff's service copy of this Order, the clerk shall include a form amended complaint.

5. Plaintiff may file an amended complaint within thirty (30) days of the entry of this Order.

DATED this 13th day of May, 2025.

_Susan P. Watters_
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE